# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-CV-1316

CHERYL KIRKLAND and ROBERT KIRKLAND,

       Plaintiffs,

v.

WESTERNLAW GROUP LLC,

       Defendant.

# COMPLAINT

### INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiffs Cheryl Kirkland ("**Mrs. Kirkland**") and Robert Kirkland ("**Mr. Kirkland**") (collectively "**Plaintiffs**"), each an individual consumer, against WesternLaw Group LLC ("**Defendant**" or the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    This action arises out of the Debt Collector's handling of an action to foreclose an HOA lien. The Plaintiffs live in a homeowners association that assesses a thirty dollar a month fee. The association retained the Debt Collector to foreclose the association's lien to collect allegedly unpaid fees. In the course of foreclosing the lien, the Debt Collector made multiple false representations as to the amount of the debt and attorney fees, failed to

account for payments made to satisfy the assessments, and ultimately caused the Plaintiffs to become indebted for a false sum.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendant transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

5. Plaintiffs are individuals who reside in Adams County, State of Colorado.

6. Each Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

7. The Debt Collector is a Colorado limited liability company.

8. The Debt Collector does business in Colorado.

9. The Debt Collector has a principal place of business at 9101 Pearl Street, Suite 104, Thornton, Colorado 80229.

10. The Debt Collector is a law firm.

11. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

12. The Debt Collector regularly attempts to collect debts from consumers through legal proceedings.

13. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

14. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

15. Plaintiffs are the owners of certain residential real property commonly known as 7523 East 130th Circle, Brighton, Colorado 80602 (the "**Property**").

16. The Property is located in a homeowner's association known as "The Villages At Riverdale Homeowners Association, Inc." (the "**HOA**").

17. The HOA assesses homeowners monthly fees of approximately $30.00.

18. Plaintiffs allegedly incurred a debt that was primarily for personal, family, or household purposes in that the financial obligation arose from the obligation to pay assessments to the HOA (the "**Debt**").

19. The Debt was placed for collection by the HOA to the Debt Collector after the Debt was in default.

20. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

21. On or about April 10, 2013, the Debt Collector commenced a lawsuit in the District Court for Adams County, State of Colorado, to foreclose the HOA's lien securing the Debt (the "**Foreclosure Action**").

22. On or about December 9, 2013, the Debt Collector filed a motion for default judgment and decree of foreclosure in the Foreclosure Action and represented to the court that the HOA was entitled to attorney fees in the amount of $2,920.00.

23. The alleged attorney fees were not reasonable and the Court reduced the fee award to $1,020.00.

24. In Colorado, a portion of an HOA lien is senior to any first position deed of trust or mortgage. The remaining non-senior portion is subordinate to any first position deed of trust.

25. Because the lien being foreclosed was at least partially senior in priority to a deed of trust in favor of JPMorganChase, JPMorganChase paid the amount necessary to satisfy the senior portion of the HOA's lien.

26. After JPMorganChase satisfied the senior lien, the Debt Collector moved to amend the judgment and decree of foreclosure to foreclose the junior portion of the HOA's lien.

27. In a motion to amend the order and decree of foreclosure, the Debt Collector again represented to the court that the HOA was entitled to attorney fees in the amount of $2,920.00.

28. On information and belief, the Debt Collector had not completed additional work to justify the increased fee award.

29. The court entered an order amending the judgment and decree of foreclosure to include the fees that the Debt Collector requested but likely had not earned.

30. Thereafter, the Debt Collector proceeded to initiate a sheriff's sale whereby the sheriff for the County of Adams, State of Colorado, would sell the Property to satisfy the Debt.

31. JPMorganChase subsequently made a protective advance under the deed of trust secured by the Property and paid the amended judgment to end the foreclosure sale.

32. The protective advance included the unearned attorney fees.

33. Plaintiffs are now obligated to pay JPMorganChase for the unearned attorney fees.

34. Within the last year, Mrs. Kirkland contacted the Debt Collector concerning Debt.

35. When Mrs. Kirkland contacted the Debt Collector, the Debt Collector did not disclose that Mrs. Kirkland was communicating with a debt collector.

36. During Mrs. Kirkland's communications with the Debt Collector, the Debt Collector was rude, offensive, oppressive, abusive, and disrespectful to Mrs. Kirkland.

37. During Mrs. Kirkland's communications with the Debt Collector, Mrs. Kirkland requested verification and an accounting of the Debt.

38. The Debt Collector refused to provide an accounting of the Debt.

39. During Mrs. Kirkland's communications with the Debt Collector, Mrs. Kirkland notified the Debt Collector that the amount of the Debt that the Debt Collector was attempting to collect was incorrect.

40. The Debt Collector nevertheless sought the full, and incorrect, amount of the Debt in a decree of foreclosure.

41. Plaintiffs are now obligated to pay JPMorganChase the false amount of the Debt.

42. Within five days after Mrs. Kirkland's initial communication with the Debt Collector, the Debt Collector did not disclose the following information as required by 15 U.S.C. § 1692g(a):

    A. the amount of the Debt;

    B. the name of the original creditor to whom the Debt was or is owed;

    C. a statement that unless Plaintiffs, within thirty days, dispute the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the Debt Collector;

    D. a statement that if Plaintiffs notify the Debt Collector in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, the Debt Collector will obtain verification of the Debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment will be mailed to Plaintiffs by the Debt Collector; and

E.   a statement that, upon Plaintiffs written request within the thirty-day period, the Debt Collector will provide the Plaintiffs with the name and address of the original creditor, if different from the current creditor (the **"Notice"**).

43.   To date, the Debt Collector has not sent the Notice.

### Respondeat Superior Liability

44.   Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

45.   The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

46.   The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

47.   The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

48.   By committing these acts and omissions against the Plaintiff, the agent was motivated to benefit its principal, the Defendant.

49.   Defendant is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

### COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

50.   Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

51.     15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural conduct of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52.     Among other things, the Debt Collector violated 15 U.S.C. § 1692d by being rude, offensive, oppressive, abusive, and disrespectful to Mrs. Kirkland.

53.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54.     Among other things, the Debt Collector violated 15 U.S.C. § 1692e by misrepresenting the amount of the Debt and attorney fees.

55.     15 U.S.C. § 1692e(2)(a) prohibits a debt collector from making a false representation as to the character, amount, or legal status of any debt.

56.     Among other things the Debt Collector violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the amount of the Debt and attorney fees.

57.     15 U.S.C. § 1692e(11) requires a debt collector to disclose in any communication with the consumer that the communication is from a debt collector.

58.     The Debt Collector violated 15 U.S.C. § 1692e(11) by failing to disclose to Mrs. Kirkland that she was communicating with a debt collector.

59.     15 U.S.C. § 1692f(1) prohibits a debt collector from the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

60.     The Debt Collector violated 15 U.S.C. § 1692f(1) by collecting attorney fees when not permitted to collect attorney fees or collecting excessive attorney fees.

61.     The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

62. Plaintiffs have suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

63. As a direct consequence of the Debt Collector's acts, practices, and conduct, Plaintiffs have suffered, and continues to suffer, from anger, anxiety, emotional distress, fear, and frustration.

64. Plaintiffs are entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cheryl Kirkland and Robert Kirkland pray for relief and judgment, as follows:

1. Awarding Plaintiffs each statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiffs pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs Cheryl Kirkland and Robert Kirkland is entitled to and hereby demands a trial by jury.

Dated: May 9, 2014

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 304
Denver, CO 80202
Phone: (303) 937-6540

Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
ahson.wali@vwfirm.com